UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 17, 2006
Decided October 19, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, **No.** 06-2653 **v.** JOSE L. YANEZ, *Defendant–Appellant*. | Appeal from the United States District Court for the Central District of Illinois. No. 90 CR 40039 Michael M. Mihm, *Judge*. |

**Order**

We remanded this case to the district court with instructions to apply Amendment 591 to the Sentencing Guidelines. Retroactive application of a specially designated amendment under 18 U.S.C. §3582(c)(2) is not a collateral attack, so Yanez does not require permission under 28 U.S.C. §2255 ¶8.

The district court concluded on remand that Amendment 591 does not afford Yanez any relief. Amendment 591 requires district judges to start with the guideline applicable to the offense of conviction under the table in the Manual, and it may reduce the sentences imposed after a district judge started with some other Guideline. The district court found that it had started with the appropriate Guideline.

Yanez argues to the contrary--but not based on anything in Amendment 591 or the Guidelines Manual. Instead he maintains that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its successors, his maximum sentence was lower than the one the district court used in its calculations, because the jury had not found the facts needed to increase his sentencing range. But Amendment 591 is not designed to reopen federal sentences for retroactive application of *Apprendi*. Yanez has filed and lost one collateral attack; he is not entitled to wage another under the cover of Amendment 591. The *only* argument properly open now is one based on §3582(c)(2) and Amendment 591. The district judge properly concluded that these do not require a reduction of Yanez's sentence.

Affirmed